**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **FRANK JOHNSON,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:16-cv-1754-KOB** |
| | ] | |
| **NANCY A. BERRYHILL, Acting** | ] | |
| **Commissioner of Social Security,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## <u>MEMORANDUM OPINION</u>

This matter comes before the court on the "Defendant's Motion to Dismiss or, in the

Alternative, Motion for Summary Judgment." (Doc. 8). The Commissioner argues that the court

should dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively,

grant summary judgment in the Commissioner's favor pursuant to Federal Rule of Civil

Procedure 56, because Mr. Johnson's Complaint was untimely. Because the Commissioner

attached affidavits outside of the pleadings to its motion, the court construed this motion as one

for summary judgment filed pursuant to Rule 56; gave Mr. Johnson the required notice pursuant

to *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985); and gave Mr. Johnson until March

28, 2017 to respond to the motion for summary judgment. (Doc. 10). Mr. Johnson filed no

response to the motion.

For the following reasons, the court finds that the Commissioner's motion for summary

judgment is due to be granted.

1

*Summary Judgment Legal Standard*

After both parties have had an opportunity to respond to the motion for summary judgment, the court must grant the motion *only if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. If the adverse party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . . " Fed. R. Civ. P. 56(e)(3); *see also United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004). Therefore, even if the adverse party files no response, the court must consider the merits of the motion to determine whether the movant is entitled to summary judgment.

The court must "view the evidence presented through the prism of the substantive evidentiary burden" to determine whether the non-moving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court must not weigh the evidence and make credibility determinations because these decisions belong to a jury. *Id.* at 254. Further, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).

*Discussion*

The Commissioner argues that Mr. Johnson had sixty days after he received the Appeals Council's denial of his request for review on December 9, 2015, or until on or before February

12, 2016,[1] to file his action in this court requesting review of the Administrative Law Judge's decision finding that he is not disabled. However, Mr. Johnson did not file his action in this court until October 26, 2016, almost eight months after the February 12, 2016 deadline. The Commissioner also argues that no circumstances exist for the court to justify equitable tolling of the sixty-day requirement under 42 U.S.C. § 405(g). The court agrees.

Pursuant to 42 U.S.C. § 405(g), an individual may obtain review of a final decision of the Commissioner of Social Security by filing a civil action within sixty days "after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." Moreover, 42 U.S.C. § 405(h) provides that § 405(g), to the exclusion of the federal jurisdiction statute under 28 U.S.C. § 1331 or § 1346, is the only avenue by which the claimant can seek judicial review of the Commissioner's final decision.

However, the sixty-day requirement under 42 U.S.C. § 405(g) "is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Because the sixty-day requirement is a "condition on the waiver of sovereign immunity," courts must construe that requirement strictly. *Id*. at 479. The court can equitably toll the sixty-day requirement in rare cases where the claimant shows "extraordinary circumstances" to justify equitable tolling. *Id*. at 479-80.

In the present case, Mr. Johnson did not respond to the Defendant's motion and provided no explanation for his untimely filing. As such, he has failed to show "extraordinary circumstances" to justify the court applying the doctrine of equitable tolling.

---

[1] The Appeals Council's notice states that Mr. Johnson is presumed to have received notice five days after the date on the notice, unless Mr. Johnson can show that he did not receive the notice within that five-day period. (Doc. 8-4).

The court finds that no genuine issues of material fact exist in this case and that the Defendant is entitled to summary judgment as a matter of law because Mr. Johnson's Complaint in this action was untimely.

The court will enter a separate Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 11th day of July, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE